IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Gene Trappier,<br>*also known as Anthony G. Trappier,* | ) C/A: 4:12-2445-TLW-KDW<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| DEU Agent Freddy Curry; DEU Agent Rodney Thomason; DEU Agent Alan Jackson; DEU Agent Guthinger; DEU Agent Bordner; US Probation Officer Holly Foxworth; ICE Agent Nebraska Moore; sued in their individual and official capacity, | ) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff, Anthony Gene Trappier, also known as Anthony G. Trappier, ("Plaintiff"), is a federal prisoner in Federal Correctional Institution Williamsburg ("FCI Williamsburg") of the Bureau of Prisons ("BOP"), in Salters, South Carolina, who is proceeding pro se and *in forma pauperis*. Plaintiff brings this action pursuant to 28 U.S.C. § 1983[1] and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[2] seeking monetary damages

---

[1] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3(1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988), *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[2] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a

and injunctive relief. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

I.  Background

   A.  Plaintiff's Allegations

Plaintiff alleges that five Myrtle Beach Police Department Drug Enforcement Unit ("DEU") officers, a federal probation officer, and a United States Immigration and Customs Enforcement ("ICE") agent violated Plaintiff's civil rights by subjecting Plaintiff to two warrantless arrests and searches, without probable cause, on October 8, 2008 and October 16, 2008.[3] Plaintiff also alleges

---

state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law." *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988) (abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995)), *see Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)). *Bivens* claims, like § 1983 claims, address violations of constitutional rights by "persons." Under *Bivens*, "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[3] These allegedly unlawful arrests and searches led to Plaintiff's convictions on federal drug-related offenses in this court, in *United States v. Trappier*, No. 4:09-cr-340-TLW (D.S.C.). On March 24, 2010, Plaintiff pleaded guilty to conspiracy to distribute 100 grams or more of heroin and 500 grams or more of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. On August 26, 2010, United States District Judge Terry L. Wooten sentenced Plaintiff to 322 months imprisonment. Plaintiff's guilty pleas were entered after a January 5, 2010 suppression hearing in which Judge Wooten denied Plaintiff's Motions to Suppress Evidence and Motion for a Separate Trial. Plaintiff appealed his convictions and sentences to the United States Fourth Circuit Court of Appeals, asserting that his guilty plea was unknowing

2

that the DEU Defendants and Assistant United States Attorney Brad Parham (who is not named as a defendant in this case[4]) maliciously prosecuted Plaintiff, which Plaintiff also alleges "amounts to even at the least degree . . . cruel and unusual punishment." Plaintiff alleges that testimony and exhibits at his January 5, 2010 motions hearing in his federal criminal case demonstrate that DEU agents did not have probable cause to obtain a warrant to arrest Plaintiff or probable cause to make a warrantless arrest of Plaintiff on either October 8, 2008 or October 16, 2008. Plaintiff alleges that the DEU investigative reports of these incidents were fraudulent. He further alleges that the DEU Defendants lied in their reports and committed perjury in their testimony during the January 5, 2010 hearing. Plaintiff alleges that a controlled drug buy arranged by a confidential informant on October 8, 2008, and a traffic stop and subsequent search incident to arrest of Plaintiff on October 16, 2008 were both unlawful. Plaintiff seeks $5 million in compensatory damages and $5 million in punitive damages, as well as the suppression of the evidence, dismissal of the indictment, and Plaintiff's release from the Federal Bureau of Prisons. *See* ECF No. 1 at 2-13.

---

and failed to comply with Federal Rule of Criminal Procedure 11 because Plaintiff was unaware that he qualified as a career offender, and that the district court erred when it denied Plaintiff's suppression motion. On September 28, 2011, the Fourth Circuit affirmed Plaintiff's convictions and sentences. *See* No. 09-cr-340, ECF Nos. 137, 138. Plaintiff was also prosecuted in Horry County Magistrate Court for driving under suspension. Plaintiff also disputed the lawfulness of his DUS arrest and the guilty plea entered on his behalf in that case, and filed a federal civil rights lawsuit in this court, in *Trappier v. Livingston, et al.*, C/A No. 4:12-897-TLW-KDW (D.S.C.), which was summarily dismissed without prejudice and without issuance and service of process, on June 13, 2012. The undersigned takes judicial notice of Plaintiff's prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

[4] A *Bivens* claim against AUSA Parham involving any prosecutorial functions which are "intimately associated with the judicial phase of the criminal process" would be barred by the doctrine of absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 416 (1976).

3

B. Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A; and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell*

4

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

II. Discussion

Plaintiff's claims for monetary damages against all Defendants in this case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[5] In *Heck*, the United States Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, the conviction and imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. This rule applies equally to *Bivens* actions. *See Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008) ("Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims."); *Poston v. Shappert*, 222 F. App'x 301, 301 (4th Cir. 2007) (unpublished) (applying *Heck* rationale to bar claims for damages under § 1983 and *Bivens*); *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) as support for dismissal of *Bivens* claims challenging validity of plaintiff's

---

[5] In civil rights actions in which Fourth Amendment issues relate to a conviction, *Heck v. Humphrey* is applicable. *See Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003).

conviction); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129 (5th Cir. 1987). Pursuant to *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. In a footnote in *Heck*, the Supreme Court acknowledged that

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, *see Murray v. United States*, 487 U.S. 533, 539 (1988), and especially harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 307-308 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, *see Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308 (1986), which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

512 U.S. at 487 n.7.

More recently, in *Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003), the Fourth Circuit analyzed how the holding in *Heck* applies to a § 1983 action (and equally to a *Bivens* action, as noted above) in which a plaintiff seeks monetary relief for an allegedly unreasonable search and seizure that led to his arrest and conviction. In *Ballenger*, the Fourth Circuit held that:

> When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983.

*Id.* at 846. Thus, such a § 1983 or *Bivens* action can proceed "only when the suppression of the evidence required by logical application of the § 1983 [or *Bivens*] judgment would not necessarily invalidate the underlying conviction." *Id.* In *Ballenger*, the Fourth Circuit determined that "[t]he

6

cocaine seized was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict Ballenger for drug trafficking." *Id.* at 846-47. Accordingly, because "the suppression of the evidence seized pursuant to the challenged search . . . would [have] necessarily impl[ied] invalidity of the criminal conviction," the Fourth Circuit dismissed Ballenger's claim as barred under *Heck*. *Id.*

Here, the situation is no different than that presented in *Ballenger*. Plaintiff alleges in his Complaint that Defendants arranged for Dennis Sumter a/k/a Stan, who had previously been arrested and had told Defendants that Plaintiff was his drug supplier, to make a controlled, videotaped drug buy from Plaintiff on October 8, 2008. Plaintiff asserts that the alleged drug purchase was not captured on videotape, however, and that Defendants, who did not actually witness the alleged transaction, had no probable cause to make a warrantless arrest of Plaintiff as he exited Stan's apartment. Pursuant to this arrest, Plaintiff was searched and was found to have heroin and cocaine in his possession. Plaintiff alleges in his Complaint that the October 16, 2008 traffic stop of his vehicle was unconstitutional because it was initiated based on an anonymous and uncorroborated tip that Plaintiff was in an apartment with guns and heroin. Plaintiff alleges that Defendants also testified in Plaintiff's criminal case that they stopped Plaintiff because they knew he had an outstanding arrest warrant for driving under suspension ("DUS"). A subsequent search incident to this DUS arrest revealed that Plaintiff had cash, drugs, and weapons in his possession. Plaintiff alleges that the DUS arrest warrant was invalid because it was dated October 16, 2008 but was not obtained and executed until October 17, 2008, therefore, Defendants had no probable cause to arrest and search Plaintiff on October 16, 2008. As noted above, Plaintiff alleges that written reports,

7

laboratory analyses, and testimony given by Defendants in Plaintiff's criminal case concerning the events of October 8, and 16, 2008 were false. *See* ECF No. 1 at 2-13.

If Plaintiff were to succeed in demonstrating in this § 1983/*Bivens* action that the arrests, searches, and seizures were illegal, such a judgment would necessarily require this court to determine that the heroin, cocaine, and firearms found in Plaintiff's possession should have been suppressed. Such a finding would necessarily imply that the following were invalid: Judge Wooten's ruling in the suppression hearing in Plaintiff's criminal case; Plaintiff's convictions and sentences; and the Fourth Circuit's judgment affirming Plaintiff's convictions and sentences. Based on Plaintiff's allegations in his Complaint, it appears that the heroin, cocaine, and firearms seized were "uniquely available" from the alleged illegal arrests, searches, and seizures, and therefore, "if it [had been] suppressed . . . there would [have been] no evidence to convict" Plaintiff. *See Ballenger*, 352 F.3d at 847. Plaintiff has not alleged any facts or made any assertions as to how the government could have convicted him of conspiracy to distribute 100 grams or more of heroin and 500 grams or more of cocaine, and possession of a firearm in furtherance of a drug trafficking crime, if the arrests, searches, and seizures of the drugs and firearms were found to be illegal. Therefore, in accordance with *Heck*, because Plaintiff's convictions have not been invalidated in a previous action, and because a decision in Plaintiff's favor in this § 1983/*Bivens* action would necessarily invalidate the same, Plaintiff's claims for damages are barred by *Heck*.

Insofar as Plaintiff seeks the suppression of the evidence and the dismissal of the indictment in his criminal case, and his release from the Federal Bureau of Prisons, Plaintiff's claims for injunctive relief cannot be entertained by this court. In *Heck*, the United States Supreme Court reaffirmed that, under *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "habeas corpus is the exclusive

remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." 512 U.S. at 481. Thus, declaratory or injunctive relief claims that are in the nature of habeas corpus claims are not cognizable under § 1983 or *Bivens* actions. *See Lora-Pena v. F.B.I.*, 529 F.3d at 506 n.2; *Poston v. Shappert*, 222 F. App'x at 301; *Abella v. Rubino*, 63 F.3d at 1065-66.

Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. *See In re Vial*, 115 F.3d 1192 (4th Cir. 1997). Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255, which reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Although the instant Complaint is brought pursuant to § 1983 and *Bivens*, the claims for injunctive relief represent a collateral attack upon Plaintiff's convictions and sentences imposed by this court in *United States v. Trappier*, 4:09-cr-340-TLW (D.S.C.). This kind of challenge seeking this type of relief is properly raised in a motion filed pursuant to 28 U.S.C. § 2255.

Additionally, as to Plaintiff's *Bivens* claims against Defendants United States Probation Officer Holly Foxworth and ICE Agent Nebraska Moore, a careful review of the Complaint reveals that there are no allegations of any kind, much less of wrongdoing, against these Defendants. Under

9

28 U.S.C. § 1915(e)(2)(B)(I), the court should dismiss an action that is "frivolous or malicious." Because there are no allegations concerning Foxworth and Moore, Plaintiff's Complaint not only fails to state a claim against these Defendants on which relief can be granted by this court, it is "frivolous" as to these Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper when there were no allegations to support claim).

III.  Conclusion

For the foregoing reasons, the undersigned recommends that the instant Complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 21, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).